UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE POOLE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18CV00446 AGF |
| IKEA U.S. WEST, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This slip and fall action is before the Court on Plaintiff George Poole's motion to remand the case to state court. Plaintiff argues that the $75,000 amount in controversy requirement for federal diversity jurisdiction is not met. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff alleges in his complaint filed in Missouri state court that while he was shopping at Defendant's store in St. Louis, Missouri, he slipped on a floor that was wet due to Defendant's negligence. He alleges that he sustained injuries documented by hospital medical records, and he seeks "Compensation of $75,000 in damages." Defendant timely removed the case to this Court on March 22, 2018, based on the Court's diversity jurisdiction, 28 U.S.C. § 1332(a), stating in the Notice of Removal that "[u]pon information and belief, Plaintiff will seek damages for injury to his hip and back in excess of $75,000.00 exclusive of costs." ECF No. 1 at 2.

Plaintiff now moves to remand the case, arguing that Defendant failed to carry its burden to establish that the case meets the minimum amount in controversy requirement for federal court jurisdiction. Plaintiff's counsel attests by affidavit that on April 16, 2018, he called counsel for Defendant and asked him to withdraw the Notice of Removal on the basis that Plaintiff "would agree to seek less than $75,000." ECF No. 11-1. Plaintiff's counsel further attests that he offered to enter into a binding stipulation to be filed with the Court that less than $75,000 in damages would be sought, but his offer was rejected, and defense counsel stated that Defendant preferred federal court and Plaintiff would have to file a motion to remand if he wanted the case remanded. In addition to remand, Plaintiff asks for attorney's fees and costs incurred in seeking the remand, as allowed under 28 U.S.C. § 1447.

Defendant responds that the motion to remand should be denied because the state court petition and subsequent communication between counsel suggest that Plaintiff believed, at the time of removal, that the value of his claim was at least $75,000. Defendant relies in large part on the fact that Plaintiff never filed a binding stipulation that the value of his claim was less than $75,000. Defense counsel attests that Plaintiff's counsel telephoned defense counsel on April 9, 2018 (18 days after the case was removed) and stated that Plaintiff would agree not to seek more than $75,000, and wanted to know if defense counsel would "withdraw" the Notice of Removal. ECF No. 14-1. When asked if Plaintiff's counsel intended to enter an appearance with the Court and so notify the Court, Plaintiff's counsel advised that he had no intention of doing so. *Id.*

Defendant also submits copies of the following letters exchanged between the parties' counsel after the phone call. On April 11, 2018, Plaintiff's counsel sent defense counsel a letter stating that Plaintiff was seeking less than $75,000 and instructing defense counsel to so advise the Court. In response, defense counsel inquired as to how much Plaintiff did intend to seek at trial. Plaintiff's counsel responded that the Plaintiff "is still considering treatment options at this time. [Plaintiff] will be seeking an amount at trial that is fair and reasonable and supported by evidence not to exceed $74,999.00." ECF Nos. 14-2, 14-3, 14-4.

Defendant argues that even if the Court were to conclude that remanding this case to state court is appropriate, the request for attorney's fees should be denied, because at the time of removal, there was an objectively reasonable basis to seek removal. Plaintiff replies that in light of his attorneys' multiple representation to defense counsel that Plaintiff was seeking less than $75,000, fees and costs should be awarded to Plaintiff.

**DISCUSSION**

Federal courts have jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). When a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014). "However, where the plaintiff contests the defendant's amount-in-controversy allegation, [r]emoval . . . is proper on the basis of an amount in

3

controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 635-36 (8th Cir. 2017) (citing *Dart Cherokee*, 135 S. Ct. at 553-54 & 554 n.1). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554.

"The party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). "Importantly, the issue is not whether the damages are in fact greater than $75,000.00, but whether a fact finder *might* legally conclude that they are. Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hughes v. Transwood, Inc.*, No. 4:17CV01943 PLC, 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018) (citation omitted).

To meet this burden, the defendant must present "some specific facts or evidence." *Id*. "Engaging in speculation or presumptions about the amount in controversy is insufficient to demonstrate satisfaction of the required amount." *Id*. A defendant's evidence may include, for example, settlement offers by the plaintiff exceeding the jurisdictional amount, or "an extensive list of serious and disabling injuries suffered by the plaintiff." *Neighbors v. Muha*, No. 05–472–CV–W–GAF, 2005 WL 2346968, *2 (W.D. Mo. Sept. 26, 2005). When other evidence of record supports a finding that the amount in

controversy is satisfied, a plaintiff's "refusal to stipulate to a damage award amount of $75,000.00 or less may be persuasive," but such a refusal "in and of itself is not sufficient to satisfy the amount in controversy requirement." *Hughes*, 2018 WL 1762719, at *3 (citing *Biomedical Sys. Corp. v. Crawford*, No. 4:15CV1775 CDP, 2016 WL 147146, at *2 (E.D. Mo. Jan. 13, 2016)). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *First Baptist Church of Bland v. Grinnell Mut. Reinsurance Co.*, No. 4:18-CV-00099-NCC, 2018 WL 1762717, at *1 (E.D. Mo. Apr. 12, 2018).

Here, the Court concludes that Defendant has not met its burden of showing that a fact finder might conclude that Plaintiff's damages are more than $75,000. Defendant has essentially presented no evidence that the value of Plaintiff's claim exceeds $75,000. *Cf. Hughes*, 2018 WL 1762719, at *3 (finding that the defendant met its burden of establishing amount in controversy where the plaintiff did not limit his request for damages in his petition to less than $75,000 and, after filing the lawsuit but before removal, demanded $100,000 to settle the case, and the defendant submitted documentation with respect to the scope and cost of treatment for the plaintiff's serious injuries to his neck, arm, and back, the extent of repairs to the plaintiff's damaged vehicle, and the loss of his business); *Parshall v. Menard, Inc. d/b/a Menards*, No. 4:16–CV–828 (CEJ), 2016 WL 3916394, at *3–4 (E.D. Mo. July 20, 2016) (denying remand upon finding the defendant established by a preponderance of the evidence that a fact finder might legally conclude damages were greater than $75,000 based on a settlement demand over $75,000; the plaintiff's allegations of serious injuries to the plaintiff's upper left extremity, left shoulder, and neck, including

5

continuing medical expenses and lost wages; and the plaintiff's request for an unlimited amount of damages). Moreover, Plaintiff has agreed to stipulate that Plaintiff will not seek more than $74,999 at trial.

In sum, the Court will resolve any doubt on the matter in favor of remand and grant Plaintiff's motion to remand, subject to Plaintiff's stipulation not to seek or accept more than $75,000. However, the Court agrees with Defendant that an award of attorney's fees to Plaintiff is not warranted. "Absent unusual circumstances, courts may award attorneys' fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court cannot say that Defendant lacked an objectively reasonable basis for seeking removal. Therefore, Plaintiff's request for attorney's fees and costs is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand this case to the state court in which it was filed is **GRANTED** and the Clerk's Office shall effectuate such remand. (ECF No. 11.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2018.